[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM
In this action plaintiff, a title insurance company, suing defendant, an attorney, alleges in the first count that defendant as plaintiff's agent, negligently issued a plaintiff title policy insuring the priority of a first mortgage to a New London bank, in that he failed to reveal a prior mortgage, which he himself witnessed and acknowledged, on the property to another mortgage company of which defendant was a principal. I the second count plaintiff alleges defendant acted falsely and fraudulently to plaintiff's injury.
Defendant's counterclaim alleges plaintiff hired its own title searcher and that plaintiff "is now suing the defendant when it knows or should know that defendant is not responsible for the negligent search performed by the plaintiff's agent," and that such actions constitute a violation of Connecticut Unfair Trade Practices Act, C.G.S. 42-110a, et seq.
Plaintiff's motion to strike defendant's counterclaim raises the question of what are the necessary elements of a CUTPA claim.
In Suburban Restoration Co., Inc. v. ACMAT Corp., 700 F.2d 98
(2d Cir. 1983), the court recognized that penalizing resort to the courts would seriously jeopardize First Amendment rights which Connecticut courts would construe CUTPA to avoid. Thus it concluded "the filing of a single nonsham lawsuit. . . cannot form the basis of a claim under CUTPA." 700 F.2d at 102.
The Connecticut Superior Court has followed this opinion and adopted the sham test in determining whether or not bringing a lawsuit constitutes a CUTPA violation. Abram v. Knowles,3 Conn. L. Rptr. No. 1, 13 (Dec. 31, 1990), involved plaintiff suing for monies due on a construction contract and defendant counterclaiming that plaintiff bringing the suit violated CUTPA. The court noted that "[b]ringing a sham lawsuit could subject the plaintiff to a CUTPA claim." (p. 14). However, when a court CT Page 10337 had previously granted a prejudgment attachment of defendant's property in favor of plaintiff after a hearing and finding of probable cause, the Abrams held this established the plaintiff's suit was not a sham and the act of filing it did not violate CUTPA. Accordingly it granted plaintiff's motion to strike defendant's counterclaim.
 To the same effect is Conn. Nat'l. Bank v. Mase, 3 Conn. L. Rptr. No. 33, 362 (Mar. 11, 1991).
A sham lawsuit is "one instituted by plaintiff in bad faith, on grounds so flimsy that no reasonable prudent person could hold a bona fide belief in the existence of facts necessary to prove the case." Conn. Nat'l. Bank v. Mace, supra 362.
The First Amendment right under the United States constitution to bring a suit, alluded to in Suburban Restoration Co., Inc. v. ACMAT Corp., supra, is enhanced by Article First, Section 10 of the Connecticut constitution which specifically provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation shall have remedy by due course of law,. . . "
This Connecticut constitution provision and the above cases lead to the inescapable conclusion that a necessary element of c CUTPA claim based on the initiation of a lawsuit is that the lawsuit complained of is a sham. That fact must be both alleged and proven for the CUTPA claim to state a legally sufficient cause of action and to be sustained.
The defendant has not alleged in its counterclaim that plaintiff's lawsuit is a sham. Thus, he has failed to state a legally sufficient claim. Accordingly, plaintiff's motion to strike is granted.
SATTER, STATE TRIAL REFEREE